IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Wolper, et al.,                                              Case No. 3:07CV1948

       Plaintiffs,

      v.                                                                    ORDER

Hotel Europe, et al.,

       Defendants.

This is a personal injury suit arising from an elevator accident at the Hotel Europe in Engelberg, in the Canton of Obwalden, Switzerland. The plaintiff, the minor daughter of University of Findlay [UoF] faculty members, was injured when the elevator stopped between floors and its glass walls imploded. Her parents were staying at the hotel with a dozen UoF students attending a course offered at the hotel by Schiller International University, Inc. [Schiller].

Jurisdiction arises under 28 U.S.C. § 1332. Pending is Schiller's motion to dismiss. [Doc. 28]. For the reasons discussed below, Schiller's motion shall be granted.

## Background

Plaintiffs John and Paula Wolper are Hospitality Management instructors at the UoF, in Findlay, Ohio, and plaintiff L.W. is their daughter. Defendant Schiller is a Delaware corporation with its principal place of business in Florida.

In 2003, the Wolpers arranged for students to travel to Engelberg to participate in a Schiller study abroad program. They learned about the program through promotional materials, as well as email and in-person correspondence. The Wolpers, their children (including twelve-year-old L.W.), and the twelve UoF students arrived at the Hotel Europe on June 2, 2003. The program lasted until June 24, 2003. Classes were conducted in the hotel.

On June 9, 2003, L.W. was riding in the hotel's single elevator from the first floor to the fifth. Between the third and fourth floors, the elevator stopped and glass panels surrounding the elevator car imploded. Shards of glass stuck L.W. and caused extensive injuries to her thighs and lower extremities. L.W. is impaired by nerve damage and has undergone lengthy surgeries as a result of this accident.

After the accident, plaintiffs retained Swiss attorneys. Swiss counsel advised the Wolpers that, due to Switzerland's short one-year statue of limitation, they would need to obtain waivers. The Wolpers obtained separate "Verjährungsverzichtserklärungen," one-year Swiss tolling agreements, from potential defendants "Allianz Suisse Versicherungs-Gesellschaft" [Allianz Suisse] (the hotel's insurer) and the hotel's owners, the partnership "Familie Leibrecht, Hotel Europe/Europäischer Hof."

The final waivers lasted until June 30, 2007. In English translation, Allianz Suisse waived "the right to invoke the statute of limitation," and Hotel Europe waived "pleading the statute of limitation." The Allianz Suisse and Hotel Europe tolling agreements provide they are subject to Swiss law. The tolling agreements do not mention Schiller.

On June 29, 2007, John and Paula, on behalf of themselves and as parents and guardians of L.W., filed suit against: 1) Hotel Europe; 2) Harald Leibrecht (one of the hotel's owners); 3)

2

Schindler Aufzüge AG (the elevator manufacturer); and 4) Schiller. In Count I, plaintiffs allege Schiller was negligent. They raise no other allegations against Schiller.

## Motion to Dismiss

Defendants move to dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). A court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court is not bound to accept as true unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), or legal conclusions unsupported by well-pleaded facts, *Teagardener v. Reputlic-Franklin, Inc. Pension Plan*, 909 F.2d 947, 950 (6th Cir. 1990).

A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merit of the claims are not at issue. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, the facts alleged are insufficient to state a claim, or on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff, in providing the "grounds" of his or her entitlement to relief, must put forth more than labels and conclusions. *See LULAC v.*

3

*Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, *supra*, 127 S.Ct. at 1964-65). To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.*

Schiller attached numerous exhibits to its Motion to Dismiss, including copies of the Swiss tolling agreements.

The Sixth Circuit has held that

> when a document is referred to in the complaint and is central to the plaintiff's claim . . . the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.

*Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citation omitted); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Further, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

I decline to convert the motion to dismiss to one for summary judgment and, to the extent that the substance and content of these documents are central to plaintiffs' claims, will consider the documents when ruling on the motion to dismiss.

## Discussion

A federal court sitting in diversity must apply the substantive law, including choice-of-law rules, of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg., Co.*, 313 U.S. 487, 496 (1941); *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). Ohio, the forum

state, generally provides a two-year limitation period for tort actions.[1] Under the tolling provisions of O.R.C. § 2305.16, the running of the limitation is tolled until a minor reaches majority status. However, Ohio recognizes an exception to this general rule. If the cause of action arose in a foreign jurisdiction, the Ohio borrowing statute, O.R.C. § 2305.03(B), provides that the foreign jurisdiction's statute of limitations controls.[2]

The Swiss Code of Obligations [Code] is the relevant legal doctrine in the Canton of Obwalden. Article 60, ¶ 1 of the Code provides the statute of limitations for personal injury claims is one year. *See* P. Tercier & D. Dreyer, "Torts," *in Introduction to Swiss Law*, 145, 161 (F. Dessemontet & T. Ansay eds., 3d ed. 2004). It runs from the date the injured party received knowledge of the damage and the identity of the party liable. *Id.* It is not tolled for minors. [Doc. 28, Ex. 12, at ¶ 11 (Teitler Decl.)].

### 1. Swiss Tolling Agreements

Hotel Europe, and its insurer, Allianz Suisse, separately agreed to extensions of the statute of limitations. These agreements provide that Swiss law applies to their interpretation. Under Swiss

---

[1] The limitation for general tort actions is stated in O.R.C. § 2305.10 which provides: an action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

[2] The Ohio borrowing statute provides:

> No civil action that is based upon a cause of action that accrued in . . . [a] foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that . . . foreign jurisdiction has expired . . . .

O.R.C. § 2305.03(B).

law, tolling agreements are interpreted narrowly, and only the parties signing the agreement are bound. [Doc. 28, Ex. 12, at ¶¶ 19-20 (Teitler Decl.)].

### A. Schiller Not Bound by Tolling Agreements

Plaintiffs argue that Schiller, through its agents, agreed to toll the statute of limitations until June 30, 3007. According to plaintiffs, Schiller consistently held itself out as being one and the same with Hotel Europe, and identified Hotel Europe as Schiller's campus in publications. For these reasons, plaintiffs argue that Hotel Europe was acting as Scholler's agent. In addition, they claim Allianz Suisse was the insurer of both Hotel Europe and Schiller. Schiller refutes the plaintiffs' contentions and argues that the applicable statute of limitations, not having been tolled as to it, requires dismissal.

Under Swiss law, statute of limitation extensions must name the party agreeing to the extension. [Doc. 28, Ex. 12, at ¶ 19 (Teitler Decl.)]. The Allianz Suisse and Hotel Europe tolling agreements are specific and unambiguous. They waive the rights only of the named, signing parties. They do not name Schiller.

Plaintiffs present no adequate basis on which Hotel Europe, could, in any event, have bound Schiller. In making their agency argument, the Wolpers refer to promotional materials and email exchanges they received from Schiller prior to the trip to Switzerland.

These alleged representations took place and had their effect in Ohio. Thus, I apply Ohio law to determine the merits of plaintiffs' agency contention. *See, e.g.*, *Suarez Corp. v. CBS, Inc.*, 1994 WL 142785, at *3, n.4 (6th Cir. 1994) ("Under the Restatement approach we would apply the substantive state law of the state with the most significant relationship to the agency."); Restatement (Second) of Conflicts of Law § 188 (1971).

6

Under Ohio law, the party asserting an agency relationship has the burden of establishing that the agency exists. *Gardner Plumbing, Inc. v. Cottrill*, 44 Ohio St.2d 111, 115 (1975). To do so, plaintiffs must show: 1) the principal held the agent out to the public as possessing the requisite authority to embrace the action in question and/or knowingly allowed the agent to represent they possessed such authority; and 2) the third party interacting with the agent knew of the facts establishing the agent's authority and acted in good faith that the agent did in fact possess such authority. *See Master Consolidated Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 576-77 (1991).

Plaintiffs' evidence shows that Schiller and Hotel Europe were associated, but it does not show that Schiller held Hotel Europe out as having authority to bind it or to enter tolling agreements on its behalf. The Wolpers were not protected by the tolling agreement signed by Hotel Europe.

Further, no basis gives Allianz Suisse authority to bind Schiller to the tolling agreements. AXA Winterhur is Schiller's insurance company with regards to the claims in this case, and AXA Winterhur is a separate entity from Allianz Suisse. Moreover, under Swiss law, an insurer can only act on behalf of its insured pursuant to a power of attorney from its insured. [Doc. 38, Ex. 2, at ¶ 3 (Second Teitler Decl.)]. Allianz Suisse did not obtain a power of attorney from Schiller. Accordingly, an extension signed by Allianz Suisse can not bind Schiller.

### 2. Equitable Estoppel

The Wolpers claim Schiller is prevented from arguing the agreements did not toll the statute of limitations. According to plaintiffs, Schiller is estopped based on its representation of its relationship with Hotel Europe and its failure to clarify any distinction between Schiller and Hotel Europe.

The Allianz Suisse and Hotel Europe tolling agreements identify Swiss law as controlling. Swiss law does not recognize our doctrine of equitable estoppel, and the most closely related Swiss legal doctrine is *venire contra factum proprium*.[3] This doctrine is based on Article 2 of the Swiss Civil Code (requiring persons in legal relationships to act in good faith); it is a limited doctrine and would not be applicable in this case. [Doc. 38, Ex. 2, at ¶ 4 (Second Teitler Decl.)].

Determining the applicable law is simplified because the tolling agreements underlying the dispute themselves identify Swiss law as controlling. Each unambiguously says, "sie untersteht schweizerischem Recht" (it is subject to Swiss law). Further, plaintiffs have not challenged the application of Swiss law. Schiller's argument that Swiss law applies is persuasive.

In any event, even under Ohio law, plaintiffs' claim is clearly time barred.

To establish equitable estoppel, an Ohio plaintiff must demonstrate: 1) defendant made a factual misrepresentation; 2) the representation was misleading; 3) it induced actual reliance (which was reasonable and in good faith); and 4) reliance caused detriment to the relying party. *Doe v. Blue Cross/Blue Shield of Ohio*, 79 Ohio App.3d 369, 379 (1992). Further, "[w]ith regard to the first two elements set forth above, the Ohio Supreme Court has indicated that a showing of 'actual or constructive fraud' is necessary." *Livingston v. Diocese of Cleveland*, 126 Ohio App.3d 299, 315 (1998) (citing *State ex rel. Ryan v. State Teachers Retirement Sys.*, 71 Ohio St.3d 362, 368 (1994)). Moreover, as this is in the context of a statute of limitations defense, the Wolpers "must show either 'an affirmative statement that the statutory period to bring an action was larger than it actually was' or 'promises to make a better settlement of the claim if plaintiff did not bring the threatened suit,'

---

[3] From the Roman maxim which means "no one may contradict his own previous conduct" or "no one is allowed to go against the consequences of his own act."

or 'similar representations or conduct' on defendant's part." *Id.* (quoting *Cerney v. Norfolk & W. Ry. Co.*, 104 Ohio App.3d 482, 488 (1995)).

The Wolpers assertion of equitable estoppel under Ohio law is unavailing. Its principal element – fraud – has not been alleged, and plaintiffs have not presented evidence that Schiller affirmatively misstated the length of the statutory period or promised to make a better settlement of the claim.

Plaintiffs, for whatever reason, did not get an agreement from Schiller to extend the statute of limitations. It is, therefore, entitled to dismissal.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT Schiller International University, Inc.'s motion to dismiss [Doc. 28] be, and the same is hereby granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge