IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Wolper, et al.,                                        Case No. 3:07CV1948

       Plaintiffs,

      v.                                                         ORDER

Hotel Europe, et al.,

       Defendants.

      This is a personal injury suit arising from an elevator accident at the Hotel Europe in Engelberg, Switzerland. The plaintiff, L.W., is the minor daughter of University of Findlay [University] faculty members and was injured when the elevator stopped between floors and its glass walls imploded.

      Pending is a motion to dismiss alleging lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and (3) by Hotel Europe and Harald Leibrecht, the hotel's co-owner. [Doc. 24]. For the reasons discussed below, the motion to dismiss for lack of personal jurisdiction shall be granted.

**Background**

      Plaintiffs John and Paula Wolper, L.W.'s parents, are Hospitality Management instructors at the University. Defendant Hotel Europe is a Swiss business entity with its principal place of business in Engelberg. Defendant Leibrecht is a German citizen. Neither defendant has an Ohio facility or employees in Ohio.

In 2003, the Wolpers arranged for students to travel to Engelberg to participate in a Schiller International University, Inc. [Schiller] study abroad program. Plaintiffs allege that beginning in 2002, Schiller, Hotel Europe, and Leibreicht solicited and recruited the Wolpers and University students to participate in a Summer culinary program at the hotel. According to the Wolpers, "defendants promoted and represented Hotel Europe as [Schiller]'s 'campus' in Engelberg, Switzerland." [Doc. 33 at 1]. Plaintiffs assert "defendants repeatedly contacted the Wolpers in Ohio and marketed their culinary program to them." [Doc. 33 at 2].

John Wolper states in his affidavit that "[e]mployees and representatives of [Schiller] and Hotel Europe, including Uli Leibrecht, the spouse of Harald Leibrecht, sent us numerous brochures, pamphlets, and email promoting their culinary arts program in Engelberg." [Doc. 33-2, Wolper Aff., ¶ 7]. Plaintiffs claim Schiller and Hotel Europe encouraged the Wolpers to visit their website, which they viewed in Ohio. [*Id.*, ¶ 8]. Mr. Wolper also refers to a visit by "representatives of [Schiller], Hotel Europe and Harald Leibrecht" [*Id.*, ¶ 14] to the University to meet with students and personnel.

Plaintiffs provide as exhibits copies of the correspondence materials. All materials relate to Schiller programs except for one Hotel Europe brochure. Plaintiffs have noted only one website for the record – Schiller's, located at www.schiller-university.ch. Uli Leibrecht, Director of Marketing for Schiller, corresponded as a representative of Schiller, rather than on behalf of either defendant Harald Liebrecht or the hotel. [Doc. 33-6, Ex. D]. Emails exchanged between the Wolpers and Uli mention Harald in passing, but the emails stress Schiller's interest in an articulation agreement with the University and Schiller's eagerness to create a study abroad program in Engelberg and/or Strasbourg, France, for its students. [*Id.*].

2

According to the defendants, the visit to the University referenced in John Wolper's affidavit occurred in May, 2002, when Uli and her colleague, Heide Oelklaus, visited the University as representatives of Schiller. [*Id.*].

The Wolpers, their children (including then twelve-year-old L.W.), and twelve University students arrived at the Hotel Europe on June 2, 2003. The program lasted until June 24, 2003. Classes were conducted in Hotel Europe.

On June 9, 2003, L.W. was riding in the hotel's elevator from the first floor to the fifth. Between the third and fourth floors, the elevator stopped and glass panels surrounding the elevator car imploded. Shards of glass struck L.W., causing extensive injuries to her thighs and lower extremities. L.W. has undergone lengthy surgeries as a result of this accident and remains impaired by nerve damage.

After the accident, plaintiffs retained Swiss attorneys. Swiss counsel advised the Wolpers that, due to Switzerland's short one-year statue of limitation, they would need to obtain waivers. [Doc. 33, ¶ 33]. The Wolpers obtained separate one-year "Verjährungsverzichtserklärungen" [Swiss tolling agreements] from potential defendants "Allianz Suisse Versicherungs-Gesellschaft" [Allianz Suisse] (the hotel's insurer) and the hotel's owners, the partnership "Familie Leibrecht, Hotel Europe/Europäischer Hof." [*Id.,* ¶ 34]. Swiss counsel also informed the Wolpers that Swiss law does not permit attorneys to represent plaintiffs under contingency fee agreements. [*Id.*, ¶ 35].

On June 29, 2007, John and Paula, on behalf of themselves and as parents and guardians of L.W., filed suit against: 1) Hotel Europe; 2) Leibrecht; 3) Schiller; and 4) Schindler Aufzüge AG [the elevator manufacturer]. In Count I, plaintiffs allege Hotel Europe and Leibrecht failed to maintain the elevator and failed to warn of the elevator's dangers.

3

**Standard of Review for Motion to Dismiss
for Lack of Personal Jurisdiction**

When personal jurisdiction is challenged under Fed. R. Civ. P. 12(b)(2), the court looks only to the pleadings and affidavits of the nonmoving party and does not consider the parties' conflicting assertions about the facts. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). The court construes the facts in the light most favorable to the nonmoving party. *Id.*; *see also Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

The plaintiff bears the burden of demonstrating that jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Theunissen, supra*, 935 F.2d at 1458. In the face of a properly supported motion for dismissal on jurisdictional grounds, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen, supra*, 935 F.2d at 1458. A *prima facie* showing of personal jurisdiction is all that is required. *See Bird, supra*, 289 F.3d at 871. Dismissal for lack of jurisdiction is without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

**Discussion**

To determine whether personal jurisdiction is proper in a diversity case, district courts apply the law of the state in which they sit. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980); *Lum v. Mercedes Benz, USA, LLC*, 433 F. Supp. 2d 853, 855 (N.D. Ohio 2006). Plaintiff, therefore, must show: 1) the defendant is amenable to suit under Ohio's long arm statute, and 2) allowing the defendant to be sued in Ohio does not contravene due process. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *Highway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.*, 943 F. Supp. 825, 828 (N.D. Ohio 1996).

**1. Ohio's Long-Arm Statute**

In Ohio, personal jurisdiction exists only if the defendant's alleged conduct satisfies the requirements of Ohio's long-arm statute, O.R.C. § 2307.382(A). This statute is limited, and does not extend personal jurisdiction to the limits of due process. *Hunter v. Mendoza*, 197 F. Supp. 2d 964, 967-68 (N.D. Ohio 2002); *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 238 n.1 (1994).

Under the Ohio long-arm statute personal jurisdiction can arise from various circumstances. Among these is transacting business in Ohio. Both O.R.C. § 2307.382(A)(1) and Ohio R. Civ. P. 4.3(A)(1) "authorize a court to exercise personal jurisdiction over a nonresident defendant . . . when the cause of action arises from the nonresident defendant's 'transacting any business in this state.'" *Goldstein, supra*, 70 Ohio St. 3d at 236. This broad standard has been narrowed by cases resolved on "highly particularized fact situations, thus rendering any generalization unwarranted." *U.S. Sprint Commc'ns Co. P'ship v. K's Foods*, 68 Ohio St. 3d 181, 184 (1994) (quoting 23 Ohio Jur. 3d 430, Courts and Judges § 280 (1980)). The court relies on a case-by-case determination of "transacting any business." *Id.*

The Ohio Supreme Court has indicated that the word "transact" under O.R.C. 2307.382(A)(1) means "to carry on business" and "to have dealings," and it is broader that the word "contract." *Ky Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 75 (1990) (quoting Black's Law Dictionary 1341 (5th ed. 1979)). The Ohio Supreme Court has long held, however, that mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio for purposes of personal jurisdiction. *Wainscott v. St. Louis-San Francisco Ry. Co.*, 47 Ohio St. 2d 133, 143-44 (1976). There must be ongoing, substantive contacts. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 431-32 (2006). As the United States Supreme Court has stated, a nonresident's ties must "create a 'substantial connection' with the forum State." *Burger*

5

*King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)); *see also Air Prods. and Controls, Inc. v. Safetach Intern, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007).

Facts from the record indicate that Schiller, rather than defendants Hotel Europe or Leibrecht, communicated with plaintiffs in Ohio. Plaintiffs claim to have received numerous brochures, pamphlets and emails from defendants. The bulk of these materials came from Schiller. Plaintiffs have placed only a single Hotel Europe pamphlet into the record.

Neither Hotel Europe nor Leibrecht ever had a physical plant or employee in Ohio, and neither actively solicited business in Ohio. Moreover, no representative of either traveled to Ohio. To be sure, Schiller engaged in various acts of contact with Ohio and plaintiffs contend defendants consistently represented Hotel Europe and Schiller as the same entity. However, there is no basis in the record for finding that Schiller and Hotel Europe were alter egos or otherwise constituted a single entity for jurisdictional purpose.[1]

Plaintiffs, contending that, despite the lack of business-related contacts, jurisdiction is proper under Ohio's long-arm statute, direct my attention to *Ricker v. Bobcat of Orlando, Inc.*, 2004 WL

---

[1] Schiller cannot be considered an "alter ego" of Hotel Europe unless three requirements are satisfied:

> 1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence, of its own; 2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and 3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Elabiad v. Trans-West Exp., LLC.*, 2005 WL 1223804, *2 (N.D. Ohio) (citing *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 67 Ohio St. 3d 274, 275 (1993)). Plaintiffs have not put forth evidence to suggest that Schiller and Hotel Europe are alter egos under these requirements; accordingly the actions of Schiller cannot be imputed onto defendants.

2591244 (Ohio App.). In *Ricker*, an Ohio business owner brought an action against Bobcat of Orlando, Inc., a Florida corporation, seeking to recover fees due on an insurance consulting contract. There, defendant solicited and initiated contact with plaintiff, and plaintiff asserted the parties exchanged at least fourteen fax and mail communications during their business relationship. *Ricker, supra*, 2004 WL 2591244, at *2. The Ohio Court of Appeals, in concluding personal jurisdiction over Bobcat was proper under Ohio's long-arm statute, found sufficient facts were presented to demonstrate that Bobcat "transacted business" in Ohio pursuant to the requirements of O.R.C. § 2307.382(A)(1) and Ohio R. Civ. P. 4.3. *Id.* at *3.

The case at bar is easily distinguished. In *Ricker*, plaintiff submitted undisputed evidence that, from at least 2001 to at least 2003, the parties communicated via fax and U.S. mail. Plaintiff provided documents showing that Bobcat sent correspondences to plaintiff's office. Plaintiff also provided evidence of telephone conversations and a meeting to discuss the services plaintiff would perform for Bobcat.

Defendant's contacts in *Ricker* were, in short, with the defendant corporation offering the contracted goods and services. Here, plaintiffs' claims are for negligence against two defendants that did not initiate business dealings or carry on communications with the plaintiffs in Ohio. The Court of Appeals found that § 2307.382(A)(1) provides jurisdiction over a nonresident where the nonresident initiated business dealings in Ohio and communication took place between the Ohio resident and the nonresident. From the record it is clear that defendants Hotel Europe and Leibrecht were not "transacting any business in this state" within the meaning of O.R.C. 2307.382(A)(1).

**2. Constitutional Due Process Requirements**

7

Even if plaintiffs were able to assert personal jurisdiction is consistent with Ohio law, the Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. The "constitutional touch-stone" to determine if the exercise of personal jurisdiction complies with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King, supra*, 471 U.S. at 474 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Wayne Cty. Bur. of Support v. Wolfe*, 71 Ohio App. 3d 765, 769 (1991). The court affirmed that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King, supra*, 471 U.S. at 474  (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Such minimum contacts may justify either general jurisdiction or specific jurisdiction. *Irizarry v. East Longitude Trading Co.*, 296 F. Supp. 2d 862, 864-65 (N.D. Ohio 2003). General jurisdiction is proper only if defendant's contacts with the forum state are so extensive as to be characterized as "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). This court cannot exercise general jurisdiction over the defendants because neither Hotel Europe nor Leibrecht maintains any presence – physical, corporate, financial, or otherwise – in the state.

In contrast, specific jurisdiction only requires that the conduct giving rise to the present litigation have a connection to Ohio. To demonstrate such connection, a plaintiff must show: 1) the defendant has purposefully availed itself of benefits from acting or caused a consequence within Ohio; 2) the cause of action must arise from the defendant's acts or such consequences; and 3) the

8

connection between the defendant and Ohio must be sufficiently substantial to make jurisdiction in this court reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The purposeful availment prong of the analysis is coextensive with the "transacting any business" standard of Ohio's long-arm statute. *See Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 432 (6th Cir. 2006). As discussed above, defendants' connections to Ohio were not so substantial that the defendants could reasonably anticipate being sued in an Ohio court. Facts from the record indicate defendants did not initiate contact with Ohio; the only direct contact Leibrecht and Hotel Europe had with Ohio was a single brochure. Such contacts between defendants and Ohio are insufficient to establish defendants purposefully availed themselves of the forum state. Personal jurisdiction over defendants is not constitutionally acceptable.

## B. Lack of a Remedy in Switzerland

In their memorandum in opposition to motion to dismiss, plaintiffs emphasize a lack of remedy in Switzerland. This consideration is not a factor in the jurisdictional analysis and, accordingly, is disregarded.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT Hotel Europe and Harald Leibrecht's Motion to Dismiss [Doc. 24] be, and the same is hereby granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge